[Civ. No. 3808.  Second Appellate District, Division Two.—April 18, 1923.]

IRA C. LAMBERT et al., Appellants, v. F. E. VALEN-TINE et al., Respondents.

[1] BAILMENT—RETURN OF PROPERTY—DUTY OF BAILEE.—A bailee of property is bound to return it to his bailor, under pain of an action of conversion at the hands of the latter if he delivers the property to any other person, unless he believes after the exercise of reasonable care and vigilance that such other person has a claim to the possession of the property superior to that of the bailor.

[2] ID. — DELIVERY OF AUTOMOBILE TRUCK FOR REPAIRS — ATTACHED DOCUMENTS — STATE MOTOR VEHICLE DEPARTMENT — RELATIVE RIGHTS OF REGISTERED AND LEGAL OWNERS.—Where an automobile truck at the time it was left with defendants for repairs had attached to it certified copies of certain documents issued by the motor vehicle department of the state showing that the person delivering the truck was the registered owner and that plaintiffs, who later demanded delivery to them, were the legal owners, the defendants were justified under sections 1 and 3 of the Motor Vehicle Act in refusing to deliver the truck to plaintiffs except upon the consent of the registered owner, or at least until the latter could be heard as to the nature of his claim to the possession as indicated by the terms of the documents.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

2.  Duty and liability of garage-keeper to owner of cars, notes, Ann. Cas. 1913E, 835; Ann. Cas. 1915D, 957; 15 A. L. R. 681; 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561.

Perry F. Backus for Appellants.

Leonard Evans for Respondents.

WORKS, J.—This is an action for claim and delivery, the property involved being an automobile truck. Defendants were in the automobile repair business. The truck was taken to their garage by one Lopez, who requested that certain repairs be made upon it. Defendants made the repairs and held the truck as security for their charges. Plaintiffs, claiming to be the owners of the vehicle, made tender to defendants of the amount of the charges, and demanded a delivery of the property to them. This defendants refused unless plaintiffs should first procure from Lopez a consent to the delivery. Plaintiffs did not procure such consent, but commenced the present action instead. Defendants had judgment and plaintiffs appeal.

Appellants insist that several of the findings of the trial court were not sustained by the evidence, and these are the only points contended for by them. A solution of the questions thus presented may be made upon an examination of certain general features of the evidence and by the application of certain propositions of law to those features. The evidence is not without dispute as to some points, but in stating it we shall present those phases of it which are most favorable to appellants. Appellants, at the time when the demand for the possession of the truck was made, stated to respondents that they were the owners of it. The vehicle had attached to it, at the time it was left with respondents for repairs, certified copies of certain documents issued by the motor vehicle department of the state. These showed that Lopez was the registered owner of the truck and that appellants were its legal owners. Granting that respondents examined these copies—whether they did or not being one of the disputed questions in the evidence—it becomes material to determine what notice was thereby conveyed to them. Section 1 of the Motor Vehicle Act (as amended, Stats. 1919, p. 193; Deering's Consol. Supp. to Gen. Laws 1917–1921, p. 1646) defines the word "owner" as used in the act as "any person . . . having the lawful use or control, or the right to the use or control, of a vehicle, under a lease or otherwise, for a period of ten or more successive

days.'' An examination of the section of the act providing for registration (sec. 3, as amended, Stats. 1919, p. 196; Deering's Consol. Supp. 1917–1921, p. 1648) demonstrates that this definition includes those described in documents issued by the motor vehicle department, as in the present instance, as ''registered owners.'' Coming now to the designation of appellants as ''legal owners'' in the copies of documents mentioned, it is to be noted that the Motor Vehicle Act (sec. 1 as amended, *supra*) defines the expression ''legal owner'' as ''the owner of the legal title.'' By way of recapitulation, then, of the showing made by the evidence most favorable to appellants, it is to be noted that at the time demand was made for the possession of the truck respondents were notified of the fact that appellants were the owners of the legal title to it, but that Lopez was in lawful possession of it ''under a lease or otherwise.'' It is plain under all the circumstances that at the time Lopez left the truck with respondents for repairs he was a bailor of the vehicle and they were his bailees (6 C. J., p. 1105, sec. 28). This condition of affairs remained after appellants had made their demand for the possession of the truck, for they made to respondents no communication which could have changed the situation. [1] Undoubtedly it is the rule that a bailee of property is bound to return it to his bailor, under pain of an action of conversion at the hands of the latter if he delivers the property to any other person, unless he believes after the exercise of reasonable care and vigilance that such other person has a claim to the possession of the property superior to that of the bailor (6 C. J., p. 1143, sec. 99). [2] We conclude that respondents were justified in refusing to deliver the truck to appellants except upon the consent of Lopez, or, at least, until the latter could be heard as to the nature of his claim to the possession of the car as indicated by the terms of the documents issued by the motor vehicle department; and we are pointed to nothing in the law of bailments which made it the duty of respondents to search out Lopez and thus ascertain his rights in the premises. We think the disputed findings were supported by the evidence.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.